# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re** <br><br> **DOMINGO LOPEZ,** <br><br>              **Debtor** <br> _____ <br><br><br> **LUZ N. CRUZ and INDELFONSO RAMOS,** <br><br>                **Plaintiffs** <br><br> **v.** <br><br> **DOMINGO LOPEZ,** <br><br>                **Defendant** | **Chapter 7** <br> **Case No. 03-19659-RS** <br><br><br><br><br><br><br><br> **Adversary Proceeding** <br> **No. 04-01051** |

## MEMORANDUM OF DECISION

### Introduction

Domingo Lopez borrowed $42,500 from Luz Cruz and Indelfonso Ramos in August 2003.

Thereafter, in November 2003, Lopez commenced the underlying Chapter 7 bankruptcy case.

In that case, Cruz and Ramos sued Lopez, seeking to deny his discharge, thereby commencing

this adversary proceeding.  They allege that Lopez concealed or transferred certain Puerto

Rican real estate interests which he told them he held in June 2003, and made a false oath

regarding those interests in his bankruptcy case in November 2003.  The Chapter 7 trustee has

reported that there are no assets for distribution to creditors (concluding that this is a so-called

"no asset"case) and has neither joined in this discharge denial proceeding nor commenced his

own.  The issuance (or denial) of a discharge to Lopez awaits the outcome of this adversary

proceeding.

# I
## At Issue

At issue is whether the Debtor should be denied a discharge because (a) he transferred or

concealed real estate he owned in Puerto Rico, and did so within one year of the commencement

of his Chapter 7 case intending to hinder, delay or defraud them; and (b)  he knowingly and

fraudulently made a false oath in his Chapter 7 case in failing to disclose that real estate

ownership.

# II
## Procedural Status

The Debtor commenced his Chapter 7 case on November 20, 2003.  The plaintiffs herein

commenced this adversary proceeding by filing a complaint against him on February 13, 2004.

In their complaint, the plaintiffs seek a denial of the Debtor's discharge on account of his alleged

transfer, concealment and false statements in respect of  his real estate  interests in Puerto Rico,

citing Section 727(a)(2) and Section 727(a)(4)(A) of the Bankruptcy Code.[1]

After a dormant interlude followed by some procedural skirmishing, I tried the matter on

June 27, 2006.  At trial, four witnesses testified: the plaintiffs (Luz Cruz and Indelfonso Ramos),

the Debtor, and the Debtor's daughter (Gloria Lopez).  The only exhibits admitted at trial were

---

[1]Section 727(a)(2) reads in relevant part as follows: "The Court shall grant the debtor a discharge unless...the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred...or concealed, or has permitted to be transferred...or concealed...property of the debtor, within one year before the date of the filing of the petition."  11 U.S.C. 727(a)(2).

Section 727(a)(4)(A) reads in relevant part as follows: "The Court shall grant the debtor a discharge unless...the debtor knowingly and fraudulently, in or in connection with the case...made a false oath or account."  11 U.S.C. 727(a)(4)(A).

2

the Debtor's bankruptcy petition, his schedules of assets and debts, and his statement of financial

affairs.

Upon completion of the evidence and after closing argument, I granted the parties'

request to submit posttrial briefs, and they did so.  In deciding this matter, I considered the trial

testimony, the admitted exhibits, the parties' written submissions, the arguments of counsel, and

applicable law.

### III
### Background

The parties agree that the Debtor borrowed $42,500 from the plaintiffs in August 2003.

They agree on little else.

The plaintiffs allege that, before he borrowed the $42,500 from them in August 2003, the

Debtor represented to them in June 2003 that he owned real estate in Cayey, Puerto Rico and

was developing real estate in Gurabo, Puerto Rico.  They do not allege that he promised to grant

them a lien on that real estate to secure their loan to him nor do they produce a real estate

mortgage securing same.  Rather, they allege that they relied on his representations of real estate

ownership in making the loan.  They do not provide any documentation or other evidence of

such ownership or its transfer or concealment.  In support of their allegations, they rely entirely

on their own testimony.  They acknowledge that (a) they hired someone in Puerto Rico, perhaps

a lawyer though that is not entirely clear, to examine the relevant Puerto Rican real estate records

in order to establish or to ascertain the Debtor's real estate interests and (b) he discovered no

documentation of any such interests.

The plaintiffs further contend that the Debtor likely transferred his real estate interests in

Puerto Rico to his daughter, Gloria Lopez,  in accordance with a common practice in small

towns in Puerto Rico whereby real estate owners conceal such ownership to avoid taxes.

However, Ms. Lopez testified that she engaged in no such transfers and that she does not own, and has never owned, any Puerto Rican real estate.

The Debtor denies the allegations against him, testifying that he has never owned real estate in Puerto Rico, never transferred or concealed it, never made any representations about it to the plaintiffs, and did not make any false oath in his bankruptcy case.

There the matters rests.

## IV
## Discussion

*a.*      *Section 727(a)(2)*

To succeed on their Section 727(a)(2) cause of action, the plaintiffs must prove, by a preponderance of the evidence, that there was, on the part of the Debtor, (a) a transfer or concealment of property (b) belonging to the Debtor (c) within one year of bankruptcy (d) with actual intent to hinder, delay or defraud a creditor. *In re Hayes*, 229 B.R. 253, 259 (1st Cir. BAP 1999).

The plaintiffs support their Section 727(a)(2) claim primarily through their own testimony whereby they offer the following account of the facts material to that claim: (a) the Debtor told them in June 2003 that he owned real estate in Puerto Rico; (b) they believed him; (c) they relied on that ownership in making the loan in August 2003; (d) he failed to disclose his real estate ownership in his bankruptcy case; (e) therefore, he must have transferred or otherwise concealed it; (f) such concealment is a common practice in small Puerto Rican towns; (g) his daughter is the likely transferee; and (h) their contentions regarding such transfer and concealment are particularly believable because Cruz has special detection skills developed during her long service as a social services investigator.

4

But for their assertion that the Debtor told them he owned  real estate in Puerto Rico,

which statement and ownership he denies and which they do not otherwise substantiate, their

testimony is entirely conjectural, neither probative nor credible, and ultimately insufficient to

establish *any* of the elements of this cause of action.  They provide no corroborative or

independent evidence of the Debtor's ownership of real estate.  They do not identify and have

not located any such real estate (despite their own inquiries).  They provide no evidence of its

transfer or concealment.  Even if I were to find that there *is* a small town Puerto Rican real estate

ownership concealment practice, they have not established that the Debtor engaged in that

practice.  And even if I were to find that Cruz has special detection skills, they have not

established that those skills have uncovered evidence of the alleged ownership, transfer or

concealment.  Lastly, they fail altogether to demonstrate that the Debtor acted with an actual

intent to hinder, delay or defraud them or anyone else.  In sum, they advance no credible

evidence that proves, and none from which an inference can be drawn so as to prove, their

claims.  *In re Yonikus,* 974 F.2d 901, 905 (7th Cir. 1992).

Accordingly, I find that the plaintiffs have not met their burden of proof with respect to

their Section 727(a)(2) cause of action.

b.       *Section 727(a)(4)(A)*

To succeed on their Section 727(a)(4)(A) cause of action, the plaintiffs must prove, by a

preponderance of the evidence, that (a) the Debtor knowingly and fraudulently (b) made a false

oath (c) relating to material fact in connection with his Chapter 7 case.  *In re Tully,* 818 F.2d

106, 110 (1st Cir. 1987)*; In re Varrasso*, 37 F.3d 760, 764 (1st Cir. 1994).

The Debtor's prepetition ownership of real estate is clearly a material fact incident to his

bankruptcy case. *In re Chalik,* 748 F.2d 616, 618 (11th Cir. 1984).  Here, the question is whether

5

he *did* own real estate in June 2003 and not whether he told the plaintiffs that he did.

Nonetheless, what he said (or did not say) to them bears consideration.

*First*, if he *truthfully* told them he owned real estate in June 2003, then he made a false

oath in November 2003 in omitting that real estate from his schedule of assets, and the question

becomes whether he made that false oath knowingly and fraudulently.  *Conversely*, if he

*untruthfully* told them that he owned real estate, then, whatever dischargeability issues may

result from that representation, he cannot be found to have made a false oath in November 2003

(since he did not own real estate and that is precisely what his schedule of assets reflects) and the

"knowingly and fraudulently" element is not implicated.  *Finally,* if he said nothing about his

ownership of real estate in June 2003, then his ownership must be established by other credible

evidence.

I conclude that the plaintiffs' testimony does not establish either that the Debtor told

them he owned real estate in Puerto Rico in June 2003 or that he *did* own such real estate at that

time.  *First*, as I noted above, while I do not determine that the plaintiffs have intentionally

testified falsely, their testimony is so speculative that it is simply not reliable.  For example, they

contend that the omission of any real estate asset from the Debtor's schedules confirms and

establishes their allegation that he has concealed it, and therefore he must disprove both

ownership and concealment.  This is very much a matter of requiring that the Debtor prove that

he has stopped beating a drum - it assumes that he started in the first place.  *Second*, in his

denials, the Debtor's testimony was credible.  *Third*, in supporting her father's denials, his

daughter's testimony was also credible.

Hence, the matter reduces to this:  does the evidence at trial support a finding that the

debtor owned real estate in Puerto Rico in June 2003.  It does not.  The plaintiffs would have the

Debtor disprove his ownership, which wrongly shifts the burden of proof from them to him

without their having established any facts evidencing such ownership.  Indeed, their own

inquiries are probative of the absence of any local record of such ownership.   Hence, I find (a)

that the plaintiffs have not established that the Debtor owned real estate in Puerto Rico in June

2003 (or any other time), and (b) that the Debtor did not make a false oath in his bankruptcy case

regarding such ownership.

       Accordingly, I find that the plaintiffs have not met their burden of proof with respect to

their Section 727(a)(4)(A) cause of action.

**V**
**Conclusion**

       For the reasons stated above, judgment shall enter dismissing the complaint for denial of

discharge.


Date:   May 7, 2007               _Robert Somma_____
                                 Robert Somma
                                 United States Bankruptcy Judge

cc:    Nina Parker, Counsel to Domingo Lopez
       Robert O. Berger, Counsel to Luz N. Cruz and Indelfonso Ramos
       John O. Desmond, Trustee
       John Fitzgerald, Office of the US Trustee
       Domingo Lopez
       Robert O. Berger
       Luz N. Cruz